IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- BALTIMORE
'26 MAR 4 AM 10:11

SUNITHA BELLAMKONDA

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Maryland Department of transportation
Maryland Transit administration

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

MJM 2 6 CV 0 0 9 0 3

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes    ☐ No
*(check one)*

HD

Rcv'd by: __AR_____

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name  SUNITHA, BELLAMKONDA

Street Address  9780 OLD ANNAPOLIS ROAD

City and County  Ellicott City , Howard County

State and Zip Code  Maryland , 21042

Telephone Number  443 - 468 - 0571

E-mail Address  Sonibellamk @ gmail.com

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name  Maryland department of transportation

Job or Title
(if known)

Street Address  7201 corporate center drive

City and County  Hanover ,

State and Zip Code  MD , 21076

Telephone Number  410 - 865 - 1186

E-mail Address
(if known)

Defendant No. 2

    Name      Maryland Transit Administration

    Job or Title
    (if known)

    Street Address    6th st paul Street

    City and County    Baltimore

    State and Zip Code    MD, 21 202

    Telephone Number

    E-mail Address
    (if known)

Defendant No. 3

    Name

    Job or Title
    (if known)

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address
    (if known)

Defendant No. 4

    Name

    Job or Title
    (if known)

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address
    (if known)

*(If there are more than four defendants, attach an additional page providing the same information for each additional defendant.)*

3

II.    **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This action arises under title-7 of the civil right act of 1966 & the American with disabilities Act

B.    **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

4

2. The Defendant(s)

    a. If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

    b. If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    _____

    _____

    _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plantiff Sunitha Bellamkonda was employed by the Maryland Transit administration as chief information systems officer beginning January 21, 2015.

Throughout her employment, Plantiff was subjected to discriminatory treatment based on her race, nation of origin sex and disabilty. Plantiff was assigned duties inconsistent with her executive job classification, denied appropriate supervisory responsibilites, evaluated under standards that did not reflect her actual job duties. Plantiff requested reasonable accomodations related to her medical conditiony, including concerns regarding office environment affecting her asthma, but defendant failed to engage in the interactive process and failed to provide reasonable accomodations.

Plantiff filed internal complaints and engaged in protective activity. Thereafter Defendants subjected Plantiff to hightened scrutiny, negative evaluations and ultimately terminated her employment effective April 20, 2023. The standard stated reasons for Plantiff's termination were pretextual. Similarly employees outside plantiff's protected classes were treated more favorably. Defendant's action constitutes discrimination, failure to accommodate hostile work environment, and retaliation in violation of title VII of the civil rights act of 1964 and the Americans with Disabilities Act.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. For any request for injunctive relief, explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Plaintiff requests the following
a, Back pay and lost Benifits
b, Front pay or reinstatement
c, Compensatory damages for emotional distress
d, Punitive damages as allowed by law
e, Reasonable attorney's fees & costs
f, Any other relief that the court deems just and proper

7

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __03|03__, 20_26_.

Signature of Plaintiff    ___B. Sumitha.    B. Sumitha.___
Printed Name of Plaintiff    ___Sunitha Bellamkonda___

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
Telephone Number    _____
Email Address    _____

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Sunitha Bellamkonda,

Plaintiff,

MM 26 CV 00903

v. Civil Action No. _____

Maryland Department of Transportation
and
Maryland Transit Administration,
Defendants.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

USDC- BALTIMORE
'26 MAR 4 AM10:11

### I. NATURE OF THE ACTION

1. Plaintiff Sunitha Bellamkonda brings this action for employment discrimination, failure to accommodate disability, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA").

2. Plaintiff was employed by Defendants as Chief Information Systems Officer beginning January 21, 2015.

3. During her employment, Plaintiff was subjected to discriminatory treatment based on her race, national origin, sex, and disability, and was retaliated against after engaging in protected activity.

4. Defendants' actions culminated in Plaintiff's termination effective April 20, 2023.

### II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5 because this action arises under federal law.

6. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 42 U.S.C. § 12117.

7. Venue is proper in the District of Maryland under 28 U.S.C. § 1391 because the unlawful employment practices occurred within this District and Defendants conduct business in this District.

## III. PARTIES

8. Plaintiff Sunitha Bellamkonda is an adult individual residing in the State of Maryland.

9. Defendant Maryland Department of Transportation ("MDOT") is a state agency and employer within the meaning of Title VII and the ADA.

10. Defendant Maryland Transit Administration ("MTA") is an operating administration of MDOT and was Plaintiff's employer within the meaning of Title VII and the ADA.

11. At all relevant times, Defendants jointly employed Plaintiff and exercised control over the terms and conditions of her employment.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

13. The EEOC issued Plaintiff a Notice of Right to Sue.

14. Plaintiff has filed this action within ninety (90) days of receipt of the Notice of Right to Sue.

15. Plaintiff has exhausted all administrative prerequisites to filing suit.

## V. FACTUAL ALLEGATIONS

16. Plaintiff began employment with Defendants on or about January 21, 2015, as Chief Information Systems Officer, an executive-level position.

17. Plaintiff was qualified for her position and performed her job duties competently.

18. During her employment, Plaintiff was assigned duties inconsistent with her executive classification and was denied full supervisory authority typically associated with her role.

19. Plaintiff was evaluated using criteria that did not accurately reflect her assigned responsibilities.

20. Plaintiff raised concerns internally regarding her job duties, performance evaluations, and workplace treatment.

21. Plaintiff also requested reasonable accommodations related to a medical condition, including concerns regarding office environmental conditions affecting her asthma.

22. Defendants failed to engage in the interactive process in good faith and failed to provide reasonable accommodation.

23. After Plaintiff engaged in protected activity, Defendants subjected Plaintiff to increased scrutiny, negative performance actions, and adverse treatment.

24. On or about April 20, 2023, Defendants terminated Plaintiff's employment.

25. The reasons given for Plaintiff's termination were pretextual.

26. Similarly situated employees outside Plaintiff's protected classes were treated more favorably under similar circumstances.

27. As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

---

## COUNT I

**Discrimination in Violation of Title VII**

28. Plaintiff incorporates by reference paragraphs 1–27.

29. Plaintiff is a member of protected classes based on race, national origin, and sex.

30. Plaintiff was qualified for her position.

31. Plaintiff suffered adverse employment actions, including discriminatory treatment and termination.

32. The adverse actions occurred under circumstances giving rise to an inference of unlawful discrimination.

33. Defendants' conduct violated Title VII.

---

## COUNT II

### Failure to Accommodate in Violation of the ADA

34. Plaintiff incorporates by reference paragraphs 1–33.

35. Plaintiff had a disability within the meaning of the ADA.

36. Plaintiff was qualified to perform the essential functions of her position with reasonable accommodation.

37. Plaintiff requested reasonable accommodation.

38. Defendants failed to provide reasonable accommodation and failed to engage in the interactive process in good faith.

39. Defendants' conduct violated the ADA.

---

## COUNT III

### Retaliation (Title VII and ADA)

40. Plaintiff incorporates by reference paragraphs 1–39.

41. Plaintiff engaged in protected activity by complaining about discrimination and requesting accommodation.

42. Defendants subjected Plaintiff to materially adverse actions, including heightened scrutiny and termination.

43. There is a causal connection between Plaintiff's protected activity and the adverse actions.

44. Defendants' conduct constitutes unlawful retaliation.

---

## VI. DAMAGES

45. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer:

- Loss of income and benefits

- Emotional distress

- Reputational harm

- Other compensatory damages

---

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award back pay and lost benefits;
B. Award front pay or reinstatement;
C. Award compensatory damages;
D. Award punitive damages as permitted by law;
E. Award reasonable attorney's fees and costs;
F. Award pre- and post-judgment interest; and
G. Grant such other relief as the Court deems just and proper.

---

## TRIAL REQUEST

Plaintiff requests a bench trial and reserves the right to obtain counsel.

---

Respectfully submitted,

Date: 03/04/26

---

Sunitha Bellamkonda
9780 Old Annapolis Road
Ellicott City, Maryland 21042
Phone: 443-468-0571
Email: sunibellamk@gmail.com
Plaintiff, Pro Se